**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.**

**RDM DISTRESS ASSETS HOLDINGS, LLC**,

*Plaintiff*,

vs.

**BARON PROPERTY GROUP, LLC; BPG MERRICK PARC 2, LLC; and MATTHEW BARON**,

*Defendants*.
_______________________________________/

## COMPLAINT

Plaintiff RDM Distress Assets Holdings, LLC ("RDM" or "Lender"), by and through undersigned counsel, sues Defendants Baron Property Group, LLC; BPG Merrick Parc 2, LLC; and Matthew Baron, and alleges as follows:

## INTRODUCTION

This is an action to collect a matured, accelerated, and unpaid secured commercial loan. In August 2025, RDM lent Baron Property Group, LLC up to $6,120,000.00 under a written Loan Agreement and Promissory Note. BPG Merrick Parc 2, LLC and Matthew Baron each guaranteed the loan by absolute and unconditional guaranties of payment. The loan matured on February 25, 2026, and was not paid. After RDM declared default and accelerated, the parties entered into a Forbearance and Loan Modification Agreement under which the parties acknowledged the outstanding balance, RDM agreed to forbear for a limited period, and the Obligors and BPG Metro

Park LLC granted RDM additional collateral. The Borrower failed to pay the Forbearance Payoff Amount by the April 13, 2026 deadline, a Forbearance Termination Event occurred, and the forbearance terminated.

As of July 24, 2026, the minimum amount due and owing to RDM was $5,920,458.52, exclusive of attorneys' fees, costs, and other recoverable amounts, and continues to accrue at $4,869.48 per day. RDM brings this action for breach of the Loan Agreement, breach of the Note, breach of the Forbearance Agreement, and breach of the Guaranties.

**THE PARTIES**

1. Plaintiff RDM Distress Assets Holdings, LLC is a limited liability company organized under the laws of the State of Delaware, with its principal place of business at 2555 Ponce de Leon Boulevard, Suite 230, Coral Gables, Florida 33134. For purposes of diversity jurisdiction, RDM is a citizen of the State of Florida, as further alleged in paragraph 8 below.

2. Defendant Baron Property Group, LLC (the "Borrower") is a limited liability company organized under the laws of the State of New York, with a principal place of business at 152 West 57th Street, 37th Floor, New York, New York 10019. For purposes of diversity jurisdiction, Borrower is a citizen of the States of New York and New Jersey, as further alleged in paragraph 9 below.

3. Defendant BPG Merrick Parc 2, LLC (the "BPG Guarantor") is a limited liability company organized under the laws of the State of Delaware, with a principal place of business at 152 West 57th Street, 37th Floor, New York, New York 10019. For purposes of diversity jurisdiction, BPG Guarantor is a citizen of the States of New York and New Jersey, as further alleged in paragraph 10 below.

4. Defendant Matthew Baron (the "MB Guarantor") is a natural person domiciled in, and a citizen of, the State of New York, residing at 393 West End Avenue, Apt. 16A, New York, New York 10024.

5. The Borrower, BPG Guarantor, and MB Guarantor are referred to collectively as the "Obligors." The Loan Agreement, the Promissory Note, the Guaranties, and all related documents are referred to collectively as the "Loan Documents."

**JURISDICTION AND VENUE**

*Subject Matter Jurisdiction*

6. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1) because this is a civil action between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. The amount in controversy exceeds $75,000. As of July 24, 2026, the minimum amount due and owing to Plaintiff under the Loan Documents and the Forbearance Agreement was $5,920,458.52, exclusive of attorneys' fees, costs, and additional sums recoverable under the Loan Documents and applicable law, and that amount continues to accrue at $4,869.48 per day.

8. Plaintiff RDM is a limited liability company. For purposes of diversity jurisdiction, the citizenship of a limited liability company is the citizenship of each of its members. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("a limited liability company is a citizen of any state of which a member of the company is a citizen"). The members of RDM are (i) Omega Engineering, LLC (a Florida LLC) whose sole Member is Oscar Rivera, an individual domiciled in, and therefore a citizen of, the State of Florida; and (ii) Project 28, Inc., a corporation incorporated under the laws of the State of Florida with its principal place of business in the State of Florida, and therefore a citizen of the State of Florida.

RDM has no other members. Accordingly, RDM is a citizen of the State of Florida and no other State.

9. Defendant Borrower is a limited liability company. On information and belief, the members of Borrower are Matthew Baron, an individual domiciled in the State of New York, and Andrew Till, an individual domiciled in the State of New Jersey. Accordingly, Borrower is a citizen of the States of New York and New Jersey, and no other State.

10. Defendant BPG Guarantor is a limited liability company. On information and belief, the sole member of BPG Guarantor is Baron Property Group, LLC, a New York limited liability company, whose members are Matthew Baron, an individual domiciled in the State of New York, and Andrew Till, an individual domiciled in the State of New Jersey. Accordingly, BPG Guarantor is a citizen of the States of New York and New Jersey, and no other State.

11. Complete diversity of citizenship exists: Plaintiff is a citizen of the State of Florida, and each Defendant is a citizen of the States of New York and New Jersey. No Defendant shares citizenship with Plaintiff.

*Personal Jurisdiction*

12. This Court has personal jurisdiction over each Defendant pursuant to Florida's long-arm statute, Fla. Stat. § 48.193(1)(a)1 and (1)(a)7, and the Due Process Clause of the Fourteenth Amendment. Each Defendant is subject to the specific personal jurisdiction of this Court because each, personally or through an agent: (a) operated, conducted, engaged in, or carried on a business or business venture in this state, namely a secured lending and real-estate transaction centered on the Merrick Parc and Metro Parc projects located in this state, within the meaning of Fla. Stat. § 48.193(1)(a)1; and (b) breached a contract in this state by failing to perform acts required by the contract to be performed in this state, namely the payment of the Obligations,

which were due and payable in Florida, within the meaning of Fla. Stat. § 48.193(1)(a)7. Plaintiff's claims arise from and relate to these Florida-directed acts and contacts, and the exercise of jurisdiction comports with the Due Process Clause.

13. The claims arise out of a secured lending and real-estate transaction centered in Florida, constituting a business venture carried on in this state within the meaning of Fla. Stat. § 48.193(1)(a)1. RDM is a Florida-based lender with its principal place of business in Coral Gables, Florida. All amounts due under the Loan Documents were payable to RDM in Florida, by wire transfer to RDM's account at Locality Bank, 1400 S. Andrews Avenue, Fort Lauderdale, Florida 33316; the failure to make those payments constitutes a breach of contract by failing to perform acts required to be performed in this state, within the meaning of Fla. Stat. § 48.193(1)(a)7. The collateral includes the Borrower's and BPG Guarantor's membership and equity interests in BPG/MG Merrick Parc MM, LLC (the entity through which the Merrick Parc project at 3898 Shipping Avenue, Miami, Florida is developed) together with related contract rights, general intangibles, and the proceeds of transactions concerning Florida real property. The value of, and the transactions giving rise to, that collateral are centered on real property located in this District.

14. **Baron Property Group, LLC.** The Court has specific personal jurisdiction over Borrower under Fla. Stat. § 48.193(1)(a)1 and (1)(a)7 because, among other things, Borrower: (a) carried on a business or business venture in this state by entering into the Loan Agreement and executing the Promissory Note in favor of a Florida lender in connection with the Florida real-estate projects described below (§ 48.193(1)(a)1); (b) was obligated to, and the parties contemplated that it would, make payment of all Obligations in Florida, and breached that obligation by failing to make those Florida payments (§ 48.193(1)(a)7); (c) was extended credit in connection with, and granted security interests in membership interests and proceeds relating to,

the projects commonly known as Merrick Parc, located at 3898 Shipping Avenue, Miami, Florida 33146, and Metro Parc, located at 952 E 26th Street, Hialeah, Florida 33013; and (d) executed the Forbearance Agreement granting additional security interests in Transaction Proceeds arising from transactions concerning Florida real property located in this District. Plaintiff's claims against Borrower arise from these acts.

15. **BPG Merrick Parc 2, LLC.** The Court has specific personal jurisdiction over BPG Guarantor under Fla. Stat. § 48.193(1)(a)1 and (1)(a)7 because, among other things, it: (a) carried on a business or business venture in this state by executing a Guaranty in favor of a Florida lender, guaranteeing obligations payable in Florida in connection with the Florida real-estate projects described herein (§ 48.193(1)(a)1); (b) became obligated to pay those Obligations in Florida and breached that obligation by failing to pay upon demand acts required to be performed in this state (§ 48.193(1)(a)7); (c) granted RDM a continuing security interest in its ownership interest in BPG/MG Merrick Parc MM, LLC, the entity through which the Merrick Parc project in Miami, Florida is developed; and (d) executed the Forbearance Agreement granting additional security interests in Transaction Proceeds arising from transactions concerning Florida real property located in this District. Plaintiff's claims against BPG Guarantor arise from these acts.

16. **Matthew Baron.** The Court has specific personal jurisdiction over MB Guarantor under Fla. Stat. § 48.193(1)(a)1 and (1)(a)7 because, among other things, he, personally or through an agent: (a) carried on a business or business venture in this state by executing a personal Guaranty in favor of a Florida lender, guaranteeing obligations payable in Florida in connection with the Florida real-estate projects described herein (§ 48.193(1)(a)1); (b) became obligated to pay those Obligations in Florida and breached that obligation by failing to pay upon demand acts required to be performed in this state (§ 48.193(1)(a)7); and (c) granted RDM a security interest

in his personal property under the Forbearance Agreement to secure obligations payable in Florida in connection with a lending transaction secured by membership interests and proceeds relating to Florida real property located in this District. Plaintiff's claims against MB Guarantor arise from these acts.

17. The exercise of personal jurisdiction over each Defendant comports with traditional notions of fair play and substantial justice, because each Defendant purposefully availed itself of transacting business with a Florida lender, of securing its obligations with interests and proceeds relating to Florida real property, and of a lending and real-estate venture centered in this District, and Florida has a substantial interest in adjudicating a dispute over a loan made by a Florida lender, payable in Florida, and secured by interests connected to property within the State.

18. The Loan Documents and the Forbearance Agreement provide for the nonexclusive jurisdiction of state and federal courts sitting in Delaware. That consent is nonexclusive; it does not require litigation in any particular forum and does not preclude this action. The Guaranties further reserve Plaintiff's right to bring any action against the Guarantors and their respective properties in the courts of any jurisdiction, to the extent permitted by law.

*Venue*

19. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

20. A substantial part of the events giving rise to the claims occurred in this District, including that the Loan was extended by a Florida lender; all Obligations were payable in Florida; the defaults at issue consist of the failure to make payments due in Florida; and the credit was extended in connection with, and the collateral derives its value from, transactions concerning real property located in this District, namely the projects commonly known as Merrick Parc, located at

3898 Shipping Avenue, Miami, Florida 33146, and Metro Parc, located at 952 E 26th Street, Hialeah, Florida 33013.

## GENERAL ALLEGATIONS

*The Loan*

21. On or about August 25, 2025, RDM and Borrower entered into a written Loan Agreement, under which RDM agreed to extend credit to Borrower in the original principal amount of $6,120,000.00. The principal amount disbursed was subsequently reduced to $3,700,000.00. A true and correct copy of the Loan Agreement is attached as **Exhibit A**. Exhibit A § 1.1.

22. Borrower's obligation to repay the Loan is evidenced by a Promissory Note dated August 25, 2025, in the original principal amount of $6,120,000.00, executed by Borrower in favor of RDM. A true and correct copy of the Note is attached as **Exhibit B**. Exhibits A § 1.2; B.

23. Under the Loan Documents, the Loan matured at the end of the Initial Term on February 25, 2026, unless Borrower timely exercised a contractual extension option by, among other things, delivering an extension notice, paying the extension fee, and replenishing the interest reserve. Exhibit A §§ 1.4–1.5. Borrower did not exercise the extension option.

24. Under the Loan Documents, Borrower was required to pay all accrued interest and other amounts due at maturity in immediately available funds, and Borrower's obligations are general obligations as to which RDM's recourse is not limited to the collateral. Exhibit A §§ 2.1–2.3. Under the Note, Borrower is additionally liable for RDM's reasonable attorneys' fees and collection costs, subject to a contractual minimum of 33% of the then-outstanding balance. Exhibit B ("Costs of Collection").

*The Guaranties*

25. As a condition of the Loan, BPG Merrick Parc 2, LLC and Matthew Baron each executed individual Guaranty Agreements dated August 25, 2025, in favor of RDM. True and correct copies of the Guaranties are attached as **Exhibits C and D.**

26. Each Guaranty is an absolute, irrevocable, and continuing guaranty of payment, and not of collection. Each Guarantor irrevocably and unconditionally guaranteed the prompt payment of the Liabilities when due, and waived any requirement that RDM proceed first against Borrower or any collateral. Exhibit C §§ 2.2–2.5; Exhibit D §§ 2.2–2.5.

*The Security Interests*

27. To secure the Obligations, Borrower granted RDM a continuing security interest in substantially all of its present and future assets, including its ownership interest in BPG/MG Merrick Parc MM, LLC (the "Collateralized Company"), future contracts, accounts, general intangibles, deposit accounts, instruments, and all proceeds thereof. Exhibit A §§ 3.1–3.3.

28. BPG Guarantor separately granted RDM a continuing security interest in its ownership interest in the Collateralized Company. Exhibit A § 3.8.

29. RDM perfected its security interests by filing UCC-1 financing statements against the relevant debtors, including in New York, Delaware, and Florida. True and correct copies of the UCC-1 financing statements are attached as **Exhibit E**.

*Default, Acceleration, and the Forbearance Agreement*

30. Borrower failed to pay the amounts due at maturity on February 25, 2026, constituting an Event of Default under Section 8.1(a) of the Loan Agreement. *See* Exhibit A § 8.1(a).

31. RDM issued a Notice of Default and Demand to Cure and, thereafter, demand letters to Borrower and each Guarantor. A true and correct copy of the Notice of Default and

Demand to Cure is attached as **Exhibit F**. True and correct copy of the demand letters are attached as **Exhibit G**.

32. Thereafter, RDM, the Obligors, and BPG Metro Park LLC entered into a Forbearance and Loan Modification Agreement made as of February 25, 2026 and executed March 19, 2026 (the "Forbearance Agreement"). A true and correct copy is attached as **Exhibit H**.

33. In the Forbearance Agreement, the Obligors acknowledged that the Obligations were due and owing without offset, defense, or counterclaim; that the outstanding balance as of February 25, 2026, was $4,494,906.00; and that the Existing Defaults had occurred and were not waived. Exhibit H §§ 1, 2.1–2.2 ("Forbearance Payoff Amount").

34. The Forbearance Agreement defined the "Forbearance Payoff Amount" as the outstanding balance of $4,494,906.00, plus post-maturity interest at $4,869.48 per day from February 26, 2026 until paid, plus the Forbearance Consideration; and provided that the Forbearance Payoff Amount was due in full, in immediately available funds, on or before April 13, 2026. Exhibit H §§ 1, 4.2.

35. The Forbearance Agreement provided that if the Forbearance Payoff Amount was not received by April 13, 2026, the Forbearance Consideration would automatically increase by $500,000.00, from $200,000.00 to $700,000.00, effective April 14, 2026, without notice or demand. Exhibit H § 3.4.

36. Borrower did not pay the Forbearance Payoff Amount on or before April 13, 2026. A Forbearance Termination Event occurred under Section 4.3(a), and the forbearance terminated immediately and automatically under Section 4.4. Exhibit H §§ 4.3(a), 4.4.

37. RDM issued Notices of Forbearance Termination, reaffirmation of acceleration, and demand for payment to the Borrower, each Guarantor, and BPG Metro Park LLC on or about

May 1, 2026. True and correct copies of the Notices of Forbearance Termination are attached as **Exhibit I**. As of July 24, 2026, the minimum amount due and owing was $5,920,458.52, exclusive of recoverable fees and costs, and continues to accrue at $4,869.48 per day.

38. The Forbearance Agreement further provides, in Section 11.9, that upon the occurrence of a Forbearance Termination Event under Section 4.3(a) and following thirty (30) Business Days' written notice from RDM of its intention to seek judgment, each Obligor and BPG Metro Park LLC consents to the entry of judgment against it in any court of competent jurisdiction for the then-unpaid Obligations, together with all accrued interest, fees, costs, and expenses recoverable under the Loan Documents and the Forbearance Agreement, and agrees not to interpose any defense other than payment in full or manifest mathematical error. Exhibit H § 11.9.

39. On or about May 1, 2026, RDM also delivered to each Obligor and to BPG Metro Park LLC written notice, pursuant to Section 11.9, of RDM's intention to seek the entry of judgment (the "Section 11.9 Notices"). True and correct copies of the Section 11.9 Notices are attached as **Exhibit J**. More than thirty (30) Business Days have elapsed since delivery of the Section 11.9 Notices, and the Obligations remain unpaid.

40. All conditions precedent to the bringing of this action have been performed, have occurred, or have been waived.

**COUNT I -- Breach of the Loan Agreement**

**(Against Baron Property Group, LLC)**

41. Plaintiff realleges and incorporates paragraphs 1 through 40 as though fully set forth herein.

42. The Loan Agreement is a valid and binding contract between RDM and Borrower, enforceable in accordance with its terms. Exhibit A; Exhibit H § 2.1.

43. RDM performed all of its obligations under the Loan Agreement, including funding the Loan. Exhibit A § 1.1.

44. Borrower breached the Loan Agreement by failing to pay the Obligations when due at maturity on February 25, 2026, constituting an Event of Default under Section 8.1(a), and by failing to pay the amounts due as modified by the Forbearance Agreement. Exhibit A § 8.1(a); Exhibit H §§ 4.2, 4.3(a).

45. As a direct and proximate result, RDM has been damaged in the amount of not less than $5,920,458.52 as of July 24, 2026, plus per diem interest accruing at $4,869.48 per day, together with attorneys' fees, costs, and other amounts recoverable under the Loan Documents and applicable law.

WHEREFORE, Plaintiff RDM Distress Assets Holdings, LLC demands judgment against Baron Property Group, LLC for damages in an amount to be proven at trial but not less than $5,920,458.52, plus accruing interest, attorneys' fees, costs, and such other relief as the Court deems just and proper.

**COUNT II -- Breach of the Promissory Note**

**(Against Baron Property Group, LLC)**

46. Plaintiff realleges and incorporates paragraphs 1 through 40 as though fully set forth herein.

47. The Promissory Note, dated August 25, 2025, in the original principal amount of $6,120,000.00, is a valid and binding obligation of Borrower, enforceable in accordance with its terms. RDM is the holder of the Note. Exhibit B; Exhibit H § 2.1.

48. RDM performed all conditions required of it with respect to the Note, including funding the Loan that the Note evidences. Exhibit A § 1.2.

49. The Note became due and payable, and Borrower breached the Note by failing to pay the principal and accrued interest due thereunder at maturity on February 25, 2026, and such amounts remain unpaid. Exhibit B; Exhibit A § 8.1(a).

50. Under the Note, Borrower is additionally liable for RDM's costs of collection, including reasonable attorneys' fees, subject to the contractual minimum set forth therein. Exhibit B ("Costs of Collection").

51. As a direct and proximate result, RDM has been damaged in the amount of not less than $5,920,458.52 as of July 24, 2026, plus per diem interest accruing at $4,869.48 per day, together with attorneys' fees, costs, and other amounts recoverable under the Note and applicable law.

WHEREFORE, Plaintiff RDM Distress Assets Holdings, LLC demands judgment against Baron Property Group, LLC for damages in an amount to be proven at trial but not less than $5,920,458.52, plus accruing interest, attorneys' fees, costs, and such other relief as the Court deems just and proper.

**COUNT III -- Breach of the Forbearance and Loan Modification Agreement**

**(Against Baron Property Group, LLC; BPG Merrick Parc 2, LLC; and Matthew Baron)**

52. Plaintiff realleges and incorporates paragraphs 1 through 40 as though fully set forth herein.

53. The Forbearance Agreement is a valid and binding contract among RDM, the Obligors, and BPG Metro Park LLC, enforceable in accordance with its terms, and constitutes a Loan Document. Exhibit H §§ 7.3, 8.4.

54. RDM performed all of its obligations under the Forbearance Agreement, including granting the Forbearance during the Forbearance Period. Exhibit H § 3.1.

55. The Obligors breached the Forbearance Agreement by failing to pay the Forbearance Payoff Amount in full, in immediately available funds, on or before April 13, 2026. Exhibit H §§ 4.2, 4.3(a).

56. The Obligors acknowledged and agreed that the Obligations are due and owing without offset, defense, or counterclaim, and that they have no defenses, offsets, or counterclaims against RDM. Exhibit H §§ 2.1, 7.4.

57. Under Section 11.9 of the Forbearance Agreement, upon the occurrence of a Forbearance Termination Event under Section 4.3(a) and following thirty (30) Business Days' written notice from RDM of its intention to seek judgment, each Obligor consented to the entry of judgment against it, in any court of competent jurisdiction, for the then-unpaid Obligations, together with all accrued interest, fees, costs, and expenses recoverable under the Loan Documents and the Forbearance Agreement, and agreed not to interpose any defense other than payment in full or manifest mathematical error. Exhibit H § 11.9.

58. The conditions to entry of judgment under Section 11.9 have been satisfied: a Forbearance Termination Event occurred under Section 4.3(a) when the Obligors failed to pay the Forbearance Payoff Amount on or before April 13, 2026; RDM delivered to each Obligor written

notice of its intention to seek the entry of judgment on or about May 1, 2026; more than thirty (30) Business Days have elapsed since that notice; and the Obligations remain unpaid. Exhibit H §§ 4.3(a), 11.9; Exhibit J.

59. As a direct and proximate result of the Obligors' breach, RDM has been damaged in the amount of not less than $5,920,458.52 as of July 24, 2026, plus per diem interest and other amounts recoverable under the Loan Documents and the Forbearance Agreement.

WHEREFORE, Plaintiff RDM Distress Assets Holdings, LLC respectfully requests that the Court enter judgment in its favor and against Defendants Baron Property Group, LLC; BPG Merrick Parc 2, LLC, and Matthew Baron, jointly and severally, as follows:

A. Recognizing and giving effect to each Obligor's consent to the entry of judgment under Section 11.9 of the Forbearance Agreement, and entering judgment against each Obligor, jointly and severally, for the then-unpaid Obligations, together with all accrued interest, fees, costs, and expenses recoverable under the Loan Documents and the Forbearance Agreement, in an amount not less than $5,920,458.52 as of July 24, 2026, plus per diem interest accruing at $4,869.48 per day;

B. In the alternative, and to the extent the Court does not enter judgment pursuant to Section 11.9, awarding damages for breach of the Forbearance Agreement in an amount to be proven at trial but not less than $5,920,458.52, plus accruing interest;

C. Awarding attorneys' fees and costs as provided in the Loan Documents and the Forbearance Agreement; and

D. Granting such other and further relief as the Court deems just and proper.

**COUNT IV -- Breach of Guaranty**

**(Against BPG Merrick Parc 2, LLC)**

60. Plaintiff realleges and incorporates paragraphs 1 through 40 as though fully set forth herein.

61. The BPG Guaranty is a valid and binding contract, enforceable against BPG Merrick Parc 2, LLC in accordance with its terms, and is an absolute and continuing guaranty of payment, not of collection. Exhibit C §§ 2.2–2.5.

62. The underlying Obligations are due and owing, BPG Guarantor's liability is primary, and RDM was not required to proceed first against Borrower or any collateral. Exhibit C §§ 2.3–2.5.

63. RDM demanded payment from BPG Guarantor, and BPG Guarantor failed and refused to pay. **Exhibit K** (True and correct copy of Demand Letter addressed to BPG Guarantor dated March 11, 2026; Exhibit I).

64. As a direct and proximate result, RDM has been damaged in the amount of not less than $5,920,458.52 as of July 24, 2026 plus per diem interest, attorneys' fees, and costs recoverable under the Guaranty. Exhibit C § 2.7.

WHEREFORE, Plaintiff demands judgment against BPG Merrick Parc 2, LLC for damages in an amount to be proven at trial but not less than $5,920,458.52, plus accruing interest, attorneys' fees, costs, and such other relief as the Court deems just and proper.

**COUNT V -- Breach of Guaranty**

**(Against Matthew Baron)**

65. Plaintiff realleges and incorporates paragraphs 1 through 40 as though fully set forth herein.

66. The MB Guaranty is a valid and binding contract, enforceable against Matthew Baron in accordance with its terms, and is an absolute and continuing guaranty of payment, not of collection. Exhibit D §§ 2.2–2.5.

67. The underlying Obligations are due and owing, MB Guarantor's liability is primary, and RDM was not required to proceed first against Borrower or any collateral. Exhibit D §§ 2.3–2.5.

68. RDM demanded payment from MB Guarantor, and MB Guarantor failed and refused to pay. Exhibit I.

69. As a direct and proximate result, RDM has been damaged in the amount of not less than $5,920,458.52 as of July 24, 2026, plus per diem interest, attorneys' fees, and costs recoverable under the Guaranty. Exhibit D § 2.7.

WHEREFORE, Plaintiff demands judgment against Matthew Baron for damages in an amount to be proven at trial but not less than $5,920,458.52, plus accruing interest, attorneys' fees, costs, and such other relief as the Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff RDM Distress Assets Holdings, LLC respectfully requests that the Court enter judgment in its favor and against Defendants as follows:

(a) on Counts I–V, money judgment against the respective Obligors, jointly and severally, in an amount not less than $5,920,458.52 plus accruing per diem interest;

(b) prejudgment and post-judgment interest;

(c) attorneys' fees and costs as provided in the Loan Documents, the Forbearance Agreement, and applicable law; and

(d) such other and further relief as the Court deems just and proper.

Dated: July 28, 2026

Respectfully submitted,

**Concepcion Global PLLC**
201 S. Biscayne Blvd.
Suite 2800
Miami, Florida 33131
Telephone: (305)-444-6669

By: Carlos F. Concepcion
Carlos F. Concepcion
Florida Bar No. 386730
cfconcepcion@concepcionlaw.com